UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RONDA SCHILLACI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-637 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On November 27, 2006, plaintiff filed her application for benefits alleging an August 1, 2005 onset of disability. Plaintiff's disability insured status expired on June 30, 2006. Thus, it was plaintiff's burden to submit evidence demonstrating that she was disabled on or before June 30, 2006. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim for DIB benefits was denied on initial review. (A.R. 40-44). On April 28, 2009, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 24-38). On June 16, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 15-20). On April 27, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On July 2, 2010, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. Plaintiff argues that the ALJ erred

at step 2 of the sequential analysis when he failed to find that plaintiff had more than one severe impairment. (Statement of Error, Plf. Brief at 1). Upon review, I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996)

("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

### Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from August 1, 2005, through June 30, 2006, but not thereafter. (A.R. 17). Plaintiff had not engaged in substantial gainful activity on or after August 1, 2005. (A.R. 17). Through her date last disability insured, plaintiff had the following severe impairment: "myoneural disorders (left torn rotator cuff)." (A.R. 17). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 18). Plaintiff retained the residual functional capacity (RFC) for a full range of light work. (A.R. 18). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 19). Plaintiff was unable to perform her past relevant work. (A.R. 19). Plaintiff was 36 years old as of the date of her alleged onset of disability and 37 years old when her disability insured status expired. Thus, at all times relevant to her claim for DIB benefits plaintiff was classified as a younger individual. (A.R. 19). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 19). The transferability of job skills was not an issue because plaintiff's past relevant work was unskilled. (A.R. 20). The ALJ found that Rules 202.21 and 202.22 of the Medical-Vocational Guidelines directed a finding of non-disabilty. (A.R. 20).

**1.**

Plaintiff argues that the ALJ erred when he found that she suffered from only one severe impairment, a torn left rotator cuff. (Plf. Brief at 1). The finding of a severe impairment at step 2 is a threshold determination. The finding of a single severe impairment is enough and requires continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step 2 of the sequential analysis[1] that plaintiff had a severe impairment. (A.R. 17). The ALJ's failure to find additional severe impairments at step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). The ALJ continued the sequential analysis and considered plaintiff's severe and non-severe impairments in making his factual finding regarding plaintiff's RFC. (A.R. 16-19).

**2.**

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

The "Law and Argument" section of plaintiff's brief is devoid of any developed argument. Instead, plaintiff provides the court with a list of citations to old cases from outside the Sixth Circuit:

> As a remedial statute the Social Security Act should be broadly construed and liberally applied in favor of disability. Rodriguez v. Celebrezze, 349 F2d 494 (CA 1 1995).
> The Administrative Law Judge may not substitute his own impression of an individual's impairment for uncontroverted medical opinions. Suarez v. Secretary of Health and Human Servs., 740 F2d 1 (CA 1-1984).
> The treating doctor's opinion is entitled to extra weight because he or she is usually more familiar with a claimant's medical condition than are other physicians. Schisler v. Heckler, 787 F2d 76 (CA 2 1986).
> A claimant's illness must be considered in combination and must not be fragmentized in evaluation of impairment effects. Beecher v. Heckler, 756 F2d 93 (CA 9 1985).
> * * *
> All of the Claimant's treating physician's [sic] have corroborated her complaints of chronic, debilitating pain (even without considering her depression and anxiety) and thus provided ample evidence of Disability. Nelson v. Heckler, 712 F2d 346 (CA 8 1983).

Issues raised in a perfunctory manner are deemed waived. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007); *see also Taylor v. McKee*, 649 F.3d 446, 452 (6th Cir. 2010); *Anthony v. Astrue*, 266 F. App'x at 458.

Assuming *arguendo* that these issues had not been waived, they are meritless.

A.  Remedial Statute

Plaintiff argues that she is entitled to benefits because the Social Security Act is a remedial statute. She makes no effort to identify the specific portion of the Social Security Act or regulations that the ALJ purportedly failed to construe in her favor. In *Smith v. Chater*, 99 F.3d 780 (6th Cir. 1996), the Sixth Circuit rejected the *dictum* in *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524 (6th Cir. 1992), suggesting that in a "close case" the court should liberally apply the Social Security Act because it is a "remedial statute" whose "intent is inclusion rather than

exclusion." 99 F. 3d at 781. The Sixth Circuit held in *Smith v. Chater* that, "In a Social Security action, a district court must accept an ALJ's factual findings if substantial evidence supports them, *see* 42 U.S.C. § 405(g) (Supp. 1996), a standard of review which liberal construction of the Social Security Act, even if proper, does not alter." 99 F.3d at 781. The ALJ and reviewing courts must apply the governing legal standards rather than construe the law to achieve an outcome favorable to any particular claimant.

      B.     <u>Weighing the Medical Evidence</u>

Plaintiff argument that the ALJ improperly substituted his judgment for that of "uncontroverted medical opinions" is patently meritless. "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Commissioner*, 391 F. App'x 435, 439 (6th Cir. 2010). An ALJ does not "ignore" or "disregard" medical opinions when he finds that they are not persuasive. *See Carrelli v. Commissioner*, 390 F. App'x 429, 437 (6th Cir. 2010). It is the ALJ's job to resolve conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mitchell v. Commissioner*, 330 F. App'x 563, 567-68 (6th Cir. 2009). Judicial review of the Commissioner's final administrative decision does not encompass resolving such conflicts. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *see Vorholt v. Commissioner*, 409 F. App'x 883, 889 (6th Cir. 2011).

C.      "Fragmented" Consideration of the Medical Evidence

Plaintiff argues that the ALJ failed to consider the combination of her severe and non-severe impairments. The ALJ stated that he did consider the combined effect of plaintiff's impairments. (A.R. 16). Given this statement, the ALJ was not required to further elaborate on his thought process. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

An ALJ cannot "fragmentize" the claimant's "several impairments and the medical opinions regarding each of them so that he fails to properly evaluate their effect," *see Colwell v. Gardner*, 386 F.2d 56, 74 (6th Cir. 1967), and the ALJ did not do so here. The ALJ addressed all the medical evidence generated after plaintiff's date last disability insured separately, because such evidence is "minimally probative," and considered only to the extent that it illuminates plaintiff's health before the expiration of her disability insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Strong v. Social Security Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004).

D.      Treating Physician

Plaintiff argues that a "treating doctor's opinion is entitled to extra weight because he or she is usually more familiar with the claimant's medical condition" (Plf. Brief at 4), but she inexplicably fails to identify the doctors and opinions that purportedly failed to receive adequate deference. The Commissioner generally gives a greater weight to the opinions of treating physicians because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairments." 20 C.F.R. § 404.1527(d)(2). Plaintiff's only treating physicians during the period at issue were her family physician, Patricia Roy, D.O., gastroenterologist Alejandro Nakahodo, M.D., and orthopedic surgeon Daniel J. Fett, D.O.

In early 2005, plaintiff advised Dana Hoekstra,[2] a physician's assistant in Dr. Roy's office, that she was experiencing a range of symptoms including chest pain, an acid taste in her mouth, heaviness in her chest, cough, tightness in her throat and stomach pains. Hoekstra offered a diagnosis of gastroesophageal reflux disease (GERD). (A.R. 150-52). On March 29, 2005, plaintiff was referred to a specialist, Dr. Nakahodo. (A.R. 124). The referral letter stated that Dr. Roy's office was providing plaintiff with a prescription for Xanax in response to her complaints of panic attacks and anxiety. (A.R. 124, *see* A.R. 152). On May 13, 2005, Dr. Nakahodo performed an esophagogastroduodenoscopy (EGD) test, which returned normal results. He found no evidence of esophagitis and encouraged plaintiff to review and implement lifestyle changes for GERD. (A.R. 126-30, 137-38).

On March 30, 2005, plaintiff fell and injured her left shoulder. (A.R. 139-40, 149). Dr. Fett first examined plaintiff on June 23, 2005. (A.R. 131-32). On January 30, 2006, he performed arthrosporic surgery to repair a small tear in plaintiff's left rotator cuff. (A.R. 134-36, 153-57).

---

[2]Plaintiff generally received treatment at Dr. Roy's office from Physician's Assistant Hoekstra. A physician's assistant is not an "acceptable medical source." *See* 20 C.F.R. § 404.1513(a), (d). There is no treating physician's assistant rule and the opinion of a physician's assistant is not entitled to any particular weight. *See Geiner v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 1 (SSA Aug. 9, 2006)). The opinions of a physician's assistant fall within the category of information provided by "other sources." *Id.* at * 2; *see* 20 C.F.R. § 404.1513(d). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. § 404.1512). This is not a demanding standard. It was easily met here.

In January 2006, plaintiff complained to Physician's Assistant Hoekstra that she was experiencing sinus problems. (A.R. 143-44). A February 2, 2006 maxillofacial CT scan suggested a single ethmoid air cell on the posterior left, but otherwise her maxillary sinuses remained widely patent. (A.R. 197-98). April 26, 2006 progress notes indicate that plaintiff was informed that all her recent lab tests had returned normal results.[3] (A.R. 188).

E.  Credibility

Plaintiff's argument that unspecified treating physicians "corroborated" her complaints of pain[4] may have been intended as a challenge to the ALJ's factual finding regarding her credibility. Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is

---

[3] None of the medical professionals who examined or treated plaintiff after her date last disability insured (A.R. 159-87, 200-14, 245-86) offered an opinion regarding her condition during the period at issue: August 1, 2005 through June 30, 2006.

[4] A physician's opinion regarding the credibility of his patient's subjective complaints are not entitled to any particular weight. *Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (A.R. 18-19). None of plaintiff's treating physicians stated that she had functional limitations. I find that the ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

F. Medical-Vocational Guidelines

The conclusion section of plaintiff's five-page brief includes a statement asserting that she had non-exertional impairments. (Plf. Brief at 4). Indulgently, this could be construed as an argument that the ALJ committed error when he relied on the Medical Vocational Guidelines (grids) to direct a finding of non-disabilty. The grids only consider a claimant's exertional limitations. *See*

*Kyle v. Commissioner*, 609 F.3d 847, 855 (6th Cir. 2010); *Jordan v. Commissioner*, 548 F.3d 417, 424 (6th Cir. 2008). They cannot be used to direct a finding of non-disability where the claimant has a severe non-exertional impairment "that significantly limit[s] the range of work permitted by [the claimant's] exertional limitations." *Cole v. Secretary of Health & Human Servs.*, 820 F.2d 768, 670 (6th Cir. 1987). "[B]efore reaching the conclusion that the grid will not be applied because [of the alleged] nonexertional limitations, those limitations must be severe enough to restrict a full range of gainful employment at the designated level." *Mullins v. Secretary of Health & Human Servs.*, 836 F.2d 980, 985 (6th Cir. 1987); *see Collins v. Commissioner*, 357 F. App'x 663, 670 (6th Cir. 2009).

The ALJ found that the evidence did not establish that plaintiff had a severe non-exertional impairment before her date last disability insured. (A.R. 19). The ALJ's finding is supported by more than substantial evidence. Plaintiff received medication in response to her subjective complaints that she had been experiencing anxiety and panic attacks. Mental health records that are merely a restatement of the patient's own subjective history are of limited utility, because it is the ALJ's job to determine the claimant's credibility. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d at 920; *accord Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all."). Plaintiff did not require any ongoing mental health treatment and her family physician did not find that a referral to a mental health professional was necessary. The ALJ's finding that plaintiff did not have a severe non-exertional impairment before her date last disability insured is supported by substantial evidence, and the ALJ did not commit error when he relied on the grids to direct a finding that plaintiff was not disabled.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   October 25, 2011            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).